IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**JULIE ANN SURBAUGH,**

        Petitioner,

        v.                                  Civil Action No. 1:20-CV-235
                                                    Judge Bailey

**J.D. SALLAZ,** Superintendent,

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 1, 2020, petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pending before this Court is a Motion to Dismiss [Doc. 46], filed March 29, 2022. The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons that follow, the undersigned recommends the Motion be denied and this case be stayed to allow petitioner to fully exhaust her unexhausted claims in state court.

### II. FACTUAL AND PROCEDURAL HISTORY

#### A.    Conviction, Sentence, and Direct Appeals

As summarized by the Supreme Court of Appeals of West Virginia ("SCAWV"),

In 2010, petitioner was indicted in the Circuit Court of Webster County for the murder of her husband, Michael Surbaugh, who was having an extramarital affair. Following petitioner's conviction by a jury for first-degree murder, the circuit court sentenced petitioner to a life term of incarceration

1

> without the possibility of parole. In **State v. Surbaugh** ("Surbaugh I"), 230 W. Va. 212, 737 S.E.2d 240 (2012), this Court reversed petitioner's conviction, ruling that "[u]pon retrial, ... petitioner is entitled to an instruction on good character, if such evidence is introduced." *Id*. at 229, 737 S.E.2d at 257.  After a second trial, a jury found petitioner guilty of first-degree murder, and she was sentenced to a life term of incarceration without the possibility of parole.  This Court affirmed petitioner's conviction following the second trial in **State v. Surbaugh** ("Surbaugh II"), 237 W. Va. 242, 786 S.E.2d 601, *cert. denied*, —— U.S. ——, 137 S.Ct. 448, 196 L.Ed.2d 331 (2016).

**Surbaugh v. Sallaz**, No. 19-0739, 2020 WL 5653375, at *1 (W.Va. Sept. 23, 2020).  The opinion affirming the conviction by the SCAWV was issued April 13, 2016.  The Supreme Court of the United States denied a petition for writ of certiorari on November 7, 2016.

### B.    State Habeas Corpus Petition

The petitioner filed a Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus in the Circuit Court of Webster County, West Virginia.  *See* [Doc. 1-7]. The *pro se* petition contained thirty-five grounds for relief.  The Circuit Court held a hearing on March 19, 2019, at which it dismissed twenty-one of the grounds raised, finding that they had been previously adjudicated at trial and on appeal, and petitioner voluntarily withdrew one ground.  By order dated August 14, 2019, the Circuit Court dismissed the remaining claims.

### D. State Habeas Corpus Appeal

Petitioner appealed the Circuit Court's ruling to the SCAWV. In her brief, petitioner raised a single generic assignment of error: that the circuit court improperly denied her habeas petition. In an opinion dated September 23, 2020, the SCAWV affirmed the circuit court's ruling, finding that the circuit court did not abuse its discretion. [Doc. 46-16 at 3].

### E. Federal Habeas Petition

On October 1, 2020, petitioner initiated this case by filing her Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1]. The petition was not on this district's court-approved § 2254 form, and that the petition was 68 pages long. By Order dated October 9, 2020, this Court found that the petition did not conform to Rule 8 of the Federal Rules of Civil Procedure and this Court's Local Rules of Prisoner Litigation Procedure and directed petitioner to file the petition on the court-approved form. [Doc. 13]. The Court indicated that any memorandum in support was limited to no more than ten pages, and that petitioner could file a proper motion to exceed page limits if needed. [Id.]. On December 2, 2020, petitioner re-filed on the court-approved form. [Doc. 19]. On the same date, she filed a Motion for an Extension of Time to File Revised Petition. [Doc. 20]. On December 7, 2020, petitioner filed four more motions: a motion to exceed page limit, a motion to expand time, a motion to submit a brief in support of petition and expand time to do so, and a motion to correct page numbers. [Docs. 22–25]. On December 9, 2020, petitioner filed a Motion for Leave to Substitute [Doc. 26]. On the same day, this Court entered an Order dealing with a number of the motions: in particular, the Court granted in part a Motion for Leave to Exceed Page Limit [Doc. 22] and allowed petitioner to submit "part 2 of motion," which was a 59-page

3

continuation of the court-approved petition. That "part 2" is now attached at [Doc. 19-2]. That attachment elaborates on the four grounds presented in the petition an adds an additional eleven grounds. The grounds presented in the petition and the addendum labeled "part 2" are as follows.

First, petitioner argues she was denied her due process rights because the trial court did not provide an instruction to the jury relating to blood spatter evidence. [Doc. 19 at 6]. Second, that her due process rights were violated because statements by the victim were admitted at trial. [Id., Doc. 19-2 at 4]. Third, that her due process rights were violated because the prosecution presented insufficient evidence. [Doc. 19 at 11]. Fourth, that the state presented insufficient evidence to overcome her claim of self-defense. [Docs. 19 at 13, 19-2 at 9]. Fifth, that the medical examiner, Dr. Hamada Mahmoud, should not have been permitted to testify. [Doc. 19-2 at 10]. Sixth, that "in the second trial and second appeal [petitioner] had argued her statements on August 11 and 12, 2009 were not voluntary" because the Miranda waiver form she signed did not specify the crime she was under arrest for. [Doc. 19-2 at 17]. Seventh, that her trial counsel was ineffective. [Id. at 23–24]. Eighth, that her appellate counsel was ineffective. [Id. at 28–29]. Ninth, that the Circuit Court judge was biased and should have recused himself. [Id. at 34]. Tenth, that her due process rights were violated by the prosecutor misstating evidence in closing arguments and misleading the jury. [Id. at 39]. Eleventh, that the indictment should have been dismissed because perjured testimony was presented to the Grand Jury. [Id. at 44]. Twelfth, that she was denied her due process rights "when new evidence of CTE [(chronic traumatic encephalopathy)] was found." [Id. at 49]. Thirteenth, that the Circuit Court "abused its discretion in refusing to allow cross-examination" of Ann

and Dennis Wilson on their interest in the outcome of the case.  [Id. at 51].  Fourteenth, that she was denied due process "when she received inadequate appellate review;" essentially arguing that the SCAWV erred in her second appeal.  [Id. at 54].  And fifteenth, that cumulative error resulted in denial of her due process rights.  [Id. at 57].

On February 1, 2022, this Court directed respondent to file an answer as to the issue of exhaustion of state remedies.  [Doc. 38].  In doing so, the Court directed the Clerk to send a copy of the petition and directed the respondent to "consider the attachments to the original petition [Doc. 1-1 through 1-31], the attachments to the amended petition [Doc. 19-1 through 19-3], and the Brief in Support [Doc. 30-2]."  On March 29, 2022, respondent filed a Consolidated Motion to Dismiss for Failure to Exhaust State Remedies and Memorandum of Law in Support Thereof.  [Doc. 46].  Therein, respondent argues that the petition in this case is a mixed petition because petitioner has not exhausted state remedies as to all her claims.  Specifically, respondent argues that petitioner's first and ninth grounds are unexhausted as they have not been raised to the SCAWV while grounds two, three, four, five, six, seven, eight, ten, and eleven are exhausted.  The motion does not address the remaining four grounds.  Further, respondent states "It is not clear if in [petitioner's previous] State proceedings the Petitioner was ever alerted she was obligated to raise all of her claims upon pain of forever forfeiting waived claims." [Doc. 46 at 16].

Since the filing of respondent's Motion to Dismiss, petitioner has filed a number of motions; among them is a lengthily titled motion [Doc. 50] which the Court takes to be her response to the Motion to Dismiss.  In this response, petitioner argues, first, that because respondents did not include responses to grounds 12-15, respondent has waived

5

exhaustion and this Court should deem those grounds exhausted. Second, that this Court should deem grounds one and nine exhausted; she contends that these issues were raised in a Motion for Re-Hearing before the SCAWV and are therefore exhausted. Third, petitioner asks that if this Court determines the petition is a mixed petition that it stay the case to allow her to exhaust state remedies.

### III.  LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts.

#### B.   Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

6

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. ***DeCastro v. Branker***, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." ***Thomas v. Davis***, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. ***Williams v. Taylor***, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." ***Lewis v. Wheeler***, 609 F.3d 291, 300 (4th Cir. 2010) (quoting ***Williams***, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme]

7

Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." ***Williams***, 529 U.S. at 365.

### IV.  ANALYSIS

A petition for writ of habeas corpus on behalf of a prisoner in State custody is not to be entertained by a federal court unless the petitioner has first exhausted his State remedies. *See* 28 U.S.C. § 2254(b)(1).  The Supreme Court has held that, to "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." ***Baldwin v. Reese***, 541 U.S. 27, 29 (2004).  Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. *See **Duncan v. Henry***, 513 U.S. 364, 365 (1995); ***Castille v. Peoples***, 489 U.S. 346, 349 (1989).

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. *See **Duncan***, 513 U.S. at 365–66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").  In West Virginia, the exhaustion of State

remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the SCAWV. *See **Moore v. Kirby***, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also ***Bayerle v. Godwin***, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [the ADEPA], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

**A.      Respondent has not "waived" exhaustion on claims twelve through fifteen.**

The AEDPA provides that a state can waive exhaustion through an express waiver by its counsel. *See* 28 U.S.C. 2254(b)(3). AEDPA does not explain how a state "expressly waives" the exhaustion requirement but says only that the state cannot be deemed to have waived the requirement unless it expressly waived the requirement. Waiver is traditionally defined as "an intentional relinquishment or abandonment of a known right." *See, e.g.*, ***U.S. v. Olano***, 507 U.S. 725, 733 (1993) (quoting ***Johnson v. Zerbest***, 304 U.S. 458, 464 (1938)).

Here, respondent's Motion to Dismiss neglected to address claims 12-15, which were included in petitioner's "part 2," [Doc. 19-2]. Petitioner argues that the failure of respondent to address these grounds constitutes waiver of the right to on the basis of the exhaustion requirement. Clearly, neglecting to address these grounds is not an "express waiver," and the Court does not find that it is relieved of its duty to determine whether it appears that petitioner has exhausted state remedies in regards to these grounds.

**B.     Petitioner has filed a mixed petition.**

Upon review, the undersigned finds that petitioner has submitted a mixed petition, containing both exhausted and unexhausted claims. The Court notes that the parties agree that grounds two, three, four, five, six, seven, eight, ten, and eleven are exhausted. Upon review, the undersigned agrees that these grounds are fully exhausted.

Turning next to the contested grounds, grounds one and nine, the undersigned finds that these grounds are unexhausted. In Ground One, petitioner contends that she was denied due process rights because there was no instruction given by the trial court concerning high velocity impact blood spatter. Petitioner contends that there should have been an instruction given "as to how to interpret the uncontested scientific evidence of the triangulation of high velocity impact blood spatter," which she contends proves the victim was upright rather than laying in bed. [Doc. 19-2 at 2]. In petitioner's state habeas petition, she raised an argument concerning blood spatter evidence contradicting statements made by the victim; that petition did not, however, argue that any instruction should have been given. *See* [Doc. 1-7 at 8–10]. In her response to the instant motion, petitioner contends that this claim should be deemed exhausted because it was raised in a Rule 25 petition for rehearing submitted to the SCAWV. However, as set forth above, an issue is exhausted by raising it either on direct appeal from conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the SCAWV. A petition for rehearing raising the claims does not satisfy the exhaustion requirement. ***Carter v. Ballard***, No. 2:14-CV-11952, 2015 WL 966127, at *9 (S.D. W.Va. Mar. 4, 2015) (Goodwin, J.) ("to the extent that Carter relies on his petition for rehearing to the WVSCA to support his position on exhaustion, any claims raised in that petition for rehearing do

10

not satisfy the exhaustion requirement in West Virginia."); **Hedrick v. True**, 443 F.3d 342, 365, n.1 (4th Cir. 2006) ("Raising a claim in a petition for rehearing does not fairly present the claim to the state's highest court.") (citations omitted).

In Ground Nine, petitioner contends that she was denied her due process rights when the Circuit Court Judge refused to recuse himself from the second trial after evidence of bias was presented. It appears that this issue was not raised on either direct appeal or in her state habeas petition. Petitioner contends that she has exhausted this issue, asserting that she has filed three separate motions to disqualify the Circuit Court judge, each of which were denied. *See* [Doc. 50 at 7–8]. Again, in order to exhaust a claim, the issue must be raised either on direct appeal or in a post-conviction State habeas proceeding followed by an appeal to the SCAWV. Petitioner has not done so regarding this claim, and it is not exhausted.

Finally, the Court notes that the respondent did not address exhaustion as to grounds twelve through fifteen. Upon review, three of the four grounds appear to have been exhausted. In ground twelve, petitioner argues she was denied due process rights "when new evidence of CTE [(chronic traumatic encephalopathy)] was found." [Doc. 19-2 at 49]. Petitioner argues that there is evidence the victim had CTE which could explain behavioral changes as well as his statement, which the petitioner contends is false, that he was lying down asleep when shot. [Id.]. The same argument was presented in petitioner's state habeas petition in ground thirty-five. [Doc. 1-7 at 30]. This ground appears to be exhausted. In ground thirteen, petitioner argues that the trial court abused its discretion "in refusing to allow cross-examination of two witnesses concerning their interest in the financial outcome of the trial." [Doc. 19-2 at 51]. Specifically, she argues

11

that Ann and Dennis Wilson adopted her sons and that she should have been allowed to cross examine these witnesses concerning the adoption. [Id. at 52]. This ground was raised as ground twenty-six in petitioner's state habeas petition. [Doc. 1-7 at 26]. The circuit court dismissed this ground, finding that it was previously adjudicated at trial and on appeal. [Doc. 46-16 at 7]. This ground therefore appears exhausted. In ground fourteen, petitioner contends that her case received inadequate appellate review; petitioner contends that the SCAWV made factual errors in the appeal of her second trial. [Doc. 19-2 at 54]. Petitioner made this same argument in her state habeas in ground twelve. [Doc. 1-7 at 15]. As above, the circuit court dismissed this ground, finding that it was previously adjudicated. [Doc. 46-16 at 7]. Accordingly, this ground is exhausted. Finally, in ground fifteen, petitioner argues her due process rights were violated through cumulative error. [Doc. 19-2 at 57]. It appears that this ground was not previously presented; further, because the alleged cumulative error includes grounds which are themselves unexhausted, this ground is not exhausted.

**C.     The Court should stay the petition to allow petitioner to exhaust her unexhausted claims.**

As set forth above, petitioner filed this case on October 1, 2020. Because the time in which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), here, the one-year federal time limit has already expired. See *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Thus, a dismissal would render a subsequent habeas petition untimely. Further, the Court notes that respondent points out that it is unclear whether petitioner was ever alerted to her obligation to raise all claims in her state proceedings. See [Doc. 46 at 16, n. 10]. Rather than dismiss the petition in its entirety, as the respondent suggests, the undersigned recommends staying

the petition to allow petitioner the opportunity to exhaust her unexhausted claims. *See* **Rhines v. Weber**, 544 U.S. 269 (2005) (discussing the "stay-and-abeyance" procedure and noting that petitioners who present mixed petitions "run the risk of forever losing their opportunity for federal review of their unexhausted claims.").

**D.    Petitioner's motion for appointment of counsel should be denied.**

Next, the undersigned notes that among the motions recently filed by petitioner is her Second Motion for Appointment of Counsel [Doc. 52]. Magistrate Judge Aloi denied petitioner's earlier motion for appointed counsel, pointing out that there is no Constitutional right to have appointed counsel in post-conviction proceedings. *See* [Doc. 14]. Indeed, the Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." **Hagie v. Pinion**, 995 F.2d 1062 (4th Cir. 1993) (citing **Pennsylvania v. Finley**, 481 U.S. 551, 556–57 (1987)). In **Pennsylvania v. Finley**, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . . .'" 481 U.S. at 556 (quoting **Ross v. Moffitt**, 417 U.S. 600, 616 (1974)). Accordingly, the undersigned recommends that this Motion be denied.

**E.    The remaining motions should be denied as moot.**

Finally, the undersigned notes that there are four other motions filed by petitioner pending before this Court: a Motion to Expand Record [Doc. 45], asking this Court to

consider computer animation of the shooting; a Motion to Supplement Respondent's Exhibits [Doc. 49], asking this Court to consider exhibits submitted with her original petition; a Motion discussed above [Doc. 50], which is essentially petitioner's response in opposition to the Motion to Dismiss; and a Motion to Expand Time [Doc. 51] in which petitioner asks for a one-day extension to file the Certificate of Service for her earlier motions. These motions have no bearing on the issue of exhaustion of state remedies and should be denied as moot.

## V.  RECOMMENDATION

For the reasons herein stated, the undersigned recommends that the Motion to Dismiss [**Doc. 46**] be **DENIED**, that this cased be **STAYED** pending resolution of petitioner's claims to be raised in state court, and that the petitioner be **DIRECTED** to file (1) quarterly reports regarding the status of her habeas and appeals on the unexhausted claims she intends to pursue in her federal § 2254 petition; and (2) a Notice of Exhaustion within thirty (30) days from the date her state court remedies have been fully exhausted. Further, the undersigned recommends that the Second Motion for Appointment of Counsel [**Doc. 52**] be **DENIED**, and the remaining motions [**Docs. 45, 49, 50 & 51**] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: May 25, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE