IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**JULIE ANN SURBAUGH,**

        Petitioner,

v.                                                                              **CIVIL ACTION No. 1:20-CV-235**
                                                                                Judge Bailey

**J.D. SALLAZ,** Superintentdent,

        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 53]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 25, 2022, wherein he recommends that the Motion to Dismiss [Doc. 46] be denied, this case be stayed pending resolution of petitioner's claims to be raised in state court, that petitioner be directed to file (1) quarterly reports regarding the status of her habeas and appeals on the unexhausted claims she intends to pursue in her federal § 2254 petition; and (2) a Notice of Exhaustion within thirty (30) days from the date her state court remedies have been fully exhausted.  Moreover, Magistrate Judge Mazzone recommends that the Second Motion for Appointment of Counsel [Doc. 52] be denied, and the remaining motions [Docs. 45, 49, 50 & 51] be denied as moot.  For the reasons that follow, this Court will adopt the R&R.

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed her objection [Doc. 59] on June 23, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed

under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

**A.** **Objection to R&R**

Petitioner raises one (1) objection to the R&R. *See* [Doc. 59]. Petitioner objects to the use of full names with regard to the adoptive parents. In support of her objection, petitioner states that "[i]t is not fair for their full names to be used as they and therefore the - underage at the time of the event - children could be easily traced." Petitioner requests this Court to use initials of the adoptive parents.

This Court finds no issue with Magistrate Judge Mazzone using the full names of the two *adults* who adopted petitioner's sons. Under this Court's Local Rules, "[i]f the involvement of a *minor child* must be mentioned, use only the child's initials." *See* LR Gen P 5.08(a)(2). Seeing as Magistrate Judge Mazzone did not use the names or even initials of petitioner's sons, petitioner's objection [**Doc. 59**] is **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 53**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, this Court **ORDERS** that

(1) Respondent's Consolidated Motion to Dismiss for Failure to Exhaust State Remedies and Memorandum of Law in Support Thereof [**Doc. 46**] is **DENIED**;

(2) Second Motion for Appointment of Counsel is **DENIED**;

(3) Motion to Expand Record [**Doc. 45**], Motion to Supplement Respondent's Exhibits [**Doc. 49**], Motion to Deem the Additional Four Grounds for Relief Presented in Petitioner's Petition and Not Reviewed by Respondent Exhausted [**Doc. 50**], Motion to Deem the Two Grounds Found by the Respondent to Not Have Exhausted State Remedies Exhausted Based on Additional Petition Pages and Court Record Not Included in Respondent's Exhibits, or in the alternative if any unexhausted grounds [**Doc. 50**], Motion for Stay and Abeyance of Exhausted Grounds in Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus Until State Remedies Exhausted [**Doc. 50**]; Motion to Expand Time [**Doc. 51**], and Motion Under Rule 48 to Appointment Forensic Expert(s) [**Doc. 54**] are **DENIED AS MOOT**;

(4) the above-styled matter is hereby **STAYED** pending resolution of petitioner's claims to be raised in state court; and

(5) petitioner is **DIRECTED** to file:

> (i) quarterly reports regarding the status of her habeas and appeals on the unexhausted claims she intends to pursue in her federal § 2254 petition; and
>
> (ii) a Notice of Exhaustion within thirty (30) days from the date her state court remedies have been fully exhausted.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: June **23**, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE